| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

THE CADLE COMPANY,                §
                                  §
    Plaintiff,                    §
                                  §
*versus*                          §   CIVIL ACTION NO. 1:07-CV-183
                                  §
JOHN K. LaCROIX,                  §
                                  §
    Defendant.                    §

## MEMORANDUM AND ORDER

Pending before the court is Plaintiff The Cadle Company's ("Cadle") Second Motion for Summary Judgment (#12) on its action for debt against Defendant John K. LaCroix ("LaCroix"). Cadle seeks to recover the amount due on a Restitution and Forfeiture Order ("Restitution Order") issued by the United States District Court for the Eastern District of Texas in a prior criminal proceeding against LaCroix. LaCroix has not entered an appearance in this lawsuit.

In a Memorandum and Order issued October 9, 2007, the court denied Cadle's first motion for summary judgment, holding that Cadle is not entitled to a new judgment against LaCroix because the Restitution Order is a dormant judgment that can no longer be revived under Texas law. Consequently, Cadle was given ten days in which to respond to the court's notification of its intent to dismiss this action for failure to state a claim upon which relief can be granted.

On October 19, 2007, Cadle filed a response to the Memorandum and Order, disputing the court's determination that Texas law bars enforcement of the Restitution Order. It also requested additional time to conduct discovery on the issue of LaCroix's whereabouts since 1994 and whether tolling of the statute of limitations is appropriate. In light of the information provided in

Cadle's response suggesting that tolling may apply in this case, the court granted Cadle time to conduct additional discovery and file a new motion for summary judgment, if appropriate.

Cadle filed the instant motion on January 25, 2008, arguing that Texas law does not limit the time for enforcement of a federal criminal restitution order when such an order is enforced as a civil judgment pursuant to Rule 69(a) of the Federal Rules of Civil Procedure. In the alternative, Cadle contends that even if Texas law limits the time for enforcement, the Restitution Order is not, in fact, dormant because the statute of limitations has been tolled by LaCroix's continued absence from the State of Texas since 1995. LaCroix has not filed a response to Cadle's motion for summary judgment.

> Pursuant to § 34.001(a) of the Texas Civil Practice and Remedies Code:
>
> If a writ of execution is not issued within 10 years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived.

TEX. CIV. PRAC. & REM. CODE ANN. § 34.001(a) (Vernon 2002); *accord Rollins v. American Express Travel Related Servs. Co.*, 219 S.W.3d 1, 3 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Nevertheless, § 16.063 provides that "[t]he absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence." TEX. CIV. PRAC. & REM. CODE ANN. § 16.063; *accord Ware v. Everest Group, L.L.C.*, 238 S.W.3d 855, 865 (Tex. App.—Dallas 2007, pet. filed).

In the case at bar, the Restitution Order was rendered on December 13, 1994, the date of LaCroix's sentencing hearing, thereby initiating the ten-year limitations period under Texas law. According to records supplied to Cadle by the Federal Bureau of Prisons, LaCroix began serving

his sentence on January 13, 1995, at FPC Eglin, Eglin Air Force Base, Florida. These records also reflect that LaCroix was officially released from custody on July 19, 1996, although it appears that he was transferred to home confinement on May 28, 1996. Cadle has also submitted the sworn affidavit of Shane Ferguson ("Ferguson"), Deputy Chief Probation Officer for the Eastern District of Texas. Ferguson states that LaCroix served a term of supervised release in connection with his criminal conviction from approximately May 1996 until July 1999. During his period of supervised release, LaCroix resided within the Middle District of Louisiana and reported to the United States Probation Office located in that district. Currently, it appears that LaCroix resides in the State of Alabama, where he was served with process in this matter.

In addition to the above evidence, Cadle has provided the unanswered Requests for Admission it served on LaCroix, in which LaCroix admits that he has been absent from the State of Texas from at least January 13, 1995, until November 2007.[1] Pursuant to Rule 36 of the Federal Rules of Civil Procedure, a request for admission is deemed admitted "unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." FED. R. CIV. P. 36(a)(3); *accord In re Carney*, 258 F.3d 415, 418-19 (5th Cir. 2001). Any matter admitted under Rule 36(a) is conclusively established. FED. R. CIV. P. 36(b); *accord Armour v. Knowles*, 512 F.3d 147, 154 & n.13 (5th Cir. 2007); *In re Carney*, 258 F.3d at 420 (observing that "Rule 36 admissions, whether express or by default, are conclusive as to the matters admitted"). Furthermore, such admissions can serve as the factual basis for granting summary

---

[1] According to the return receipt, LaCroix received the Requests for Admission via certified mail at his Alabama residence on November 24, 2007. Counsel for Cadle states in a sworn affidavit that LaCroix failed to answer, object, or otherwise respond to the Requests for Admission.

judgment against the non-responding party. *See Armour*, 512 F.3d at 154 n.13; *Hill v. Breazeale*, 197 F. App'x 331, 336 (5th Cir. 2006); *In re Carney*, 258 F.3d at 420; *Simien v. Chemical Waste Mgmt., Inc.*, 30 F. Supp. 2d 939, 942 (W.D. La. 1998), *aff'd*, 174 F.3d 199 (5th Cir. 1999); *see* FED. R. CIV. P. 56(c).

Based on the evidence adduced by Cadle establishing that LaCroix has been absent from the State of Texas since January 1995, the court finds that the ten-year statute of limitations provided in § 34.001(a) has been tolled during such time. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.063. Accordingly, the Restitution Order is not dormant under Texas law, and Cadle is entitled to recover on its action for debt. Because the court has determined that the Restitution Order is not dormant, it declines to address Cadle's arguments concerning whether Texas law may limit the period for enforcement of a federal criminal restitution order.

Having reviewed the undisputed facts of this case as well as the applicable law, the court concludes that there are no genuine issues of material fact and that Cadle is entitled to a new judgment against LaCroix for the balance remaining on the Restitution Order. Therefore, Cadle's Second Motion for Summary Judgment is GRANTED. The court will issue a Final Judgment in accordance with this Memorandum and Order.

SIGNED at Beaumont, Texas, this 27th day of February, 2008.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE